

**SIGNED this 28th day of July, 2008.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| STEVE GONZALEZ REYNA AND | § | CASE NO. 08-10049-CAG |
| STACEY ANN REYNA, | § | |
| Debtors. | § | CHAPTER 13 |
| | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEBTORS' OBJECTION TO THE CLAIM OF ROUNDUP FUNDING LLC CLAIM NUMBER 12

On July 8, 2008, the Court held a hearing on the Debtor's Objection to Proof of Claim filed by Roundup Funding, LLC Claim Number 12 filed May 5, 2008 (Doc. # 27) and the Response of Roundup Funding filed May 20, 2008 (Doc. #28). The Court took the matter under advisement and set the date of July 29, 2008 to hold another hearing and issue a decision. However, because this written order is being issued, the hearing set for July 29, 2008 at 10:00 a.m. is cancelled.

At the hearing, the attorneys for the Debtor and Roundup Funding appeared and argued their positions. Roundup Funding filed a proof of claim dated March 3, 2008 in the amount of $3,225.62. By this objection, Debtors ask that this claim be denied because, not only have they

not listed a debt owed to Roundup Funding on their schedules of liabilities, but there is no documentation attached to the claim to show they owe this debt. Roundup Funding counters that the applicable Bankruptcy Code sections, rules, and the official claim form do not require any such documentation to be attached nor does a lack of documentation constitute cause for disallowance.

The Court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. §§ 158(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(B) (allowance or disallowance of claims), and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). The following represents the Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law, and vice versa. For the reasons stated below, the Court determines that Debtors' objection will be granted, and Roundup Funding's claim will be denied.

## FINDINGS OF FACT

1. Debtors filed this chapter 13 case on January 14, 2008.
2. The bar date for filing claims was May 13, 2008.
3. The plan was confirmed April 15, 2008.
4. On January 14, 2008, Debtors filed their schedules of assets and liabilities with their petition. On Schedule F, for creditors holding unsecured non-priority claims, the Debtors listed a debt owed to Cross Country Bank, 800 Delaware Ave., Wilmington, DE 19801, for a credit card debt incurred 9/6/1999 and under account number xxxx-xxxx-9338-, for "misc. purchases of Consumer Goods,"in the amount of $3,225.00. Debtors listed this debt as disputed.
5. On March 3, 2008, Roundup Funding filed a proof of claim in the general unsecured amount of $3,225.62. In the claims register for this case, the claim was assigned number 12 ("Claim Number 12"). A one-page attachment to the claim, what the attorney for Roundup Funding called an "FDIC screen," provides the following information: Debtor Name: Reyna, Steve; Debtor SSN: XXX-XX-1044; Account Number: XXXXXXXXXXX3837, Creditor Name: Roundup Funding, LLC; Assignor: Applied Card Systems, Inc.; Open Date: 09/06/1999; Last Payment Date: 04/30/2006; Last Payment Amount: $212.00, Charge Off Date: 12/31/2006;

Balance as of Filing: $3,225.62; Basis for Claim: Credit Card. The attachment sets forth information related to this bankruptcy case, such as the case number, the place of filing, the Chapter 13 Trustee, and the Debtor's attorney. Claim Number 12 has not been amended.

6. Additionally, the attachment to Claim Number 12 states the following: "This information substantially conforms to 11 U.S.C. § 501, Federal Bankruptcy Rule 3001 and the Instructions to Form B10." It then lists citations to case opinions which must have determined that this amount of information is sufficient, although it does not directly so state. None of the cited cases are from the Fifth Circuit or from any court in Texas.

CONCLUSIONS OF LAW

Roundup Funding argues 11 U.S.C. § 502(b) sets forth the specific reasons for disallowing claims, allowing a court to deny a claim only upon a reason included in this exclusive list. It argues that Rule 3001(c) of the Federal Rules of Bankruptcy Procedure ["Bankruptcy Rule"] does not create an independent ground for a claim to be disallowed, i.e., there is no listing under § 502(b) for a claim to be denied due to a lack of attached documentation. Instead, Rule 3001(c) only dictates what evidence must be provided with a claim to give it prima facie validity. Roundup Funding argues the Debtors do not dispute the validity or amount of the debt and their objection does not state a § 502(b) ground for disallowance. Debtors argue the opposite, that the creditor has failed to establish it is owed a debt with any information, much less competent evidence. Thus, the Court must first determine whether Claim Number 12 is entitled to prima facie validity. If so, then the Court must determine whether the Debtors met their burden to produce evidence rebutting the claim. Finally, if the Debtors met their burden, the Court must determine whether Roundup Funding has established, under relevant state law, that the Debtors are liable to Roundup Funding for the debt represented by Claim Number 12.

Pursuant to 11 U.S.C. § 501, a creditor or indenture trustee may file a proof of claim, and if a creditor does not file a claim, other persons can file it, including an entity that is liable to the creditor, a debtor, or a trustee. 11 U.S.C. §§ 501(a)-(c). Section 11 U.S.C. § 502(a) provides that a proof of claim, once filed, is deemed allowed unless an objection is made. Section 502(b) provides a list of reasons to deny a claim. Thus, "[t]he substantive basis for the allowance of a

claim is governed by §§ 501 and 502 of the Bankruptcy Code. The procedure for obtaining a determination of whether a filed proof of claim may be allowed to share in the distribution of the bankruptcy estate is governed Bankruptcy Rule 3001, among others." **In re Leverett**, 378 B.R. 793, 798 n.2 (Bankr. E.D. Tex. 2007). "'The purpose of the rules regarding claims is to require creditors to provide sufficient information so that a debtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the debtor.'" *Id.*, 378 B.R. at 800 (quoting **In re Hughes**, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004)).

A "proof of claim" is "a written statement setting forth a creditor's claim" and must "conform substantially to the appropriate Official Form." *Id.* (quoting Fed. R. Bankr. P. 3001(a)). "Except in Chapter 11 cases, in which certain scheduled claims are "deemed filed," a creditor desiring to receive distributions in a bankruptcy case must file a timely proof of claim." *Id.* (citing 11 U.S.C. § 501(a); Fed. R. Bankr. P. 3002(a)). "If the proof of claim is timely filed with the court and is in the form of Official Form 10, or a form that substantially conforms to Official Form 10, the basic requirements for a proof of claim under Bankruptcy Rule 3001 will be satisfied." **In re White**, No. 06-50247-RLJ13, 2008 WL 269897, at *3 (Bankr. N.D. Tex. Jan. 29, 2008); **In re Armstrong,** 320 B.R. 97, 103 (Bankr. N.D. Tex. 2005).

Bankruptcy Rule 3007 requires an objection to the allowance of a claim to be in writing and filed. For claims based upon a writing, Bankruptcy Rule 3002 requires the original writing or a duplicate to be filed with the claim.[1] Bankruptcy Rule 3001(f) provides that "a proof of claim filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

During the claims allowance process, the burden of proof shifts between the parties. Bankruptcy Rule 3001(f), by granting prima facie validity to claims that are correctly filed, places the initial burden of establishing the claim on the claimant. "The claimant satisfies this burden by complying with Bankruptcy Rule 3001 and Official Form 10, which together govern the form, content and required attachments for proofs of claim." **In re Leverett**, 378 B.R. at 799 (citing Fed. R. Bankr. P. 3001(a)). Conversely, when a proof of claim fails to comply with the

---

[1] Bankruptcy Rule 3001(c) provides that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim."

requirements of Rule 3001(c), the claim will not be considered prima facie valid as to the claim or amount. *In re White*, 2008 WL 269897, at *3; *In re Tran*, 369 B.R. 312, 317 (S.D. Tex. 2007), *aff'g* 351 B.R. 440, 445 (Bankr. S.D. Tex. 2006); *In re Armstrong*, 320 B.R. at 104-105; *In re Leverett*, 378 B.R. at 802. A debtor must present evidence to overcome the prima facie validity of the claim, but if no such validity exists, the debtor need only object to the claim pursuant to the applicable rules, or statute. *In re Tran*, 369 B.R. at 317-318 (citing *McGee v. O'Connor*, 153 F.3d 258, 260-261 (5th Cir.1998)). Thus, a lack of documentation required by Rule 3001(c) shifts the burden to the creditor "to prove the validity, ownership, and amount of their claims in the same manner as if they were suing the debtors in state court." *In re White*, 2008 WL 269897, at *6. "After a valid objection, the creditor is charged with the burden of proving the validity of his claim." *In re Tran*, 369 B.R. at 318 (citing *McGee*, 153 F.3d at 260-261). "Under Fifth Circuit case law, if a debtor successfully objects to a proof of claim, the burden shifts to the creditor to prove the underlying validity of its claim." *Id.* (citing *Matter of O'Connor*, 153 F.3d 258, 260-261 (5th Cir.1998)). As the Supreme Court has stated, "'One who asserts a claim is entitled to the burden of proof that normally comes with it.'" *Id.*, 369 B.R. at 318 (quoting *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000)).

Courts have summarized this burden shifting pattern as:

> If a claim is granted prima facie validity, the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. This can be done by the objecting party producing specific and detailed allegations that place the claim into dispute, by the presentation of legal arguments based upon the contents of the claim and its supporting documents, or by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question. If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence.

*In re Armstrong*, 320 B.R. at 104 (quoting *In re Rally Partners, LP*, 306 B.R. 165, 168-169 (Bankr. E.D. Tex. 2003) (citations omitted)).

Here, in their objection to claim, the Debtors did not cite to a specific provision of § 502(b) to deny Roundup Funding's claim. They assert that Claim Number 12 has insufficient

5

documentation to meet the evidentiary requirement of Rule 3001(c), and, thus, fails to establish the factors required under applicable law for claims based upon a writing, an objection that falls within § 502(b)(1). *See* **In re White**, 2008 WL 269897, at *6 ("Section 502(b)(1) provides that a claim is allowed except to the extent it is unenforceable under applicable law. 11 U.S.C. § 502(b)(1).[2] Applicable law requires that B-Line and B-Real prove that they are holders of the claims represented by the proofs of claim.").[3] "The 'basic federal rule' in bankruptcy is that state law governs the substance of claims . . .." **In re Tran**, 369 B.R. at 316 (quoting **Raleigh**, 530 U.S. at 19 ("Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation ...." **Raleigh**, 530 U.S. at 20)). And, under Texas law, collection of an amount due under a credit card agreement is treated as a claim for breach of contract. *Id.* (citing **Tully v. Citibank, (South Dakota) N.A.**, 173 S.W.3d 212, 215-217 (Tex. App.-Texarkana 2005, no pet.) (a claim based on failure to make payments as required by terms of a credit card agreement is fair notice of an action for breach of contract)); **In re Leverett**, 378 B.R. at 802-803 (same and citing **Tully**); *see also* **In re Henry**, 311 B.R. 813, 817 (Bankr. W.D. Wash.2004) (a credit card debt is based upon a writing, a credit card agreement); **In re Cluff**, 313 B.R. 323, 332-334 (Bankr. D. Utah 2004)(same and use of the line of credit creates the obligation to repay). An additional reason that a credit card debt is based on a writing is that such an agreement must be in writing pursuant to the Truth-in-Lending Act. **In re Leverett**, 378 B.R. at 802-803; **In re Armstrong**, 320 B.R. at 104 (Bankr. N.D. Tex. 2005) (citing **In re Kemmer**, 315 B.R. 706, 714 (Bankr. E.D. Tenn. 2004)).

In order to establish a claim for credit card debt, courts have listed the information to be included with a claim to meet the writing requirement of Rule 3001(c), and that is a summary of

---

[2] If an "objection is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that–such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" 11 U.S.C. § 502(b)(1).

[3] "Bankruptcy Rule 3001(f) permits the proof of claim itself to act like a verified complaint and have an independent evidentiary effect in a hearing on an objection to the claim." **In re Leverett**, 378 B.R. at 799 (citing **In re Cluff**, 313 B.R. 323, 340-43 (Bankr. D. Utah 2004); **Garner v. Shier (In re Garner)**, 246 B.R. 617, 622 (9th Cir. B.A.P.2000)). An objection asserting claimant's lack of documentation to show ownership "is a defense that would be available to the Debtor in a suit on the claim and is, therefore, a valid basis for disallowance of a claim under § 502(b)(1) of the Bankruptcy Code." *Id.* at 799-800 (Bankr. E.D. Tex. 2007) (citing **In re Taylor**, 363 B.R. 303, 309 (Bankr. M.D. Fla.2007); **In re Tran**, 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), *aff'd*, 369 B.R. 312 (S.D. Tex.2007)).

the following information: the name and account of the debtor, in the form of a business record or other reliable formats, and, if included, an itemization of any charges for such items as interest, late fees, and attorney's fees. *In re Griffin,* 2007 WL 1467145, at *1 (Bankr. W.D. Tex. 2007) (citing *In re Kemmer*, 350 B.R. 706, 715 (Bankr. E.D. Tenn. 2004) and *In re Cluff*, 313 B.R. 323, 332-34 (Bankr. D. Utah 2004)). Other courts have agreed that this list of information should be included with the claim. *In re Armstrong*, 320 B.R. at 106; *In re Rochester*, No. 03-32184-BJH-13, 03-34099BJH13, 2005 WL 3670877, at *1 (Bankr. N.D. Tex. May 24, 2005) (noting that it is sufficient to attach "enough monthly statements so that the required information can be readily determined").

Courts in Texas differ on exactly what other documentation must be attached to a credit card debt claim for it to be granted prima facie evidence of the debt owed. Some courts have required more documentation than a summary of the debt or monthly statements. The bankruptcy courts in the Northern District of Texas require the creditor to prove ownership of the claim by attaching a "signed copy of the assignment and sufficient information to identify the original credit card account." *In re Armstrong*, 320 B.R. at 106; *In re Rochester*, 2005 WL 3670877, at *4 (Bankr. N.D. Tex. 2005) (for a claim based upon a writing, the underlying account documents and the assignment or transfer document are needed to comply with Rule 3001(c)); *In re Armstrong*, 347 B.R. at 584 (same, citing *Rochester* with approval). The courts in the Southern District of Texas require that a claim have attached to it the "writings" on which the claim is based--the written contract-- or an explanation why the writing cannot be attached, with "boilerplate" language stating the documentation is too voluminous to attach being an insufficient explanation. *In re Tran*, 369 B.R. at 319 (S.D. Tex. 2007). The *Tran* court did not require the claimant to prove it was the assignee of the debt. *Id.* at 320. The court in the Eastern District do not require an assignment to be attached if the credit card claimant "includes or attaches documentary or other evidence pertaining to how it acquired the claim and showing that it is the current holder of the claim." *In re Leverett*, 378 B.R. at 801. In a prior decision based upon the specific facts presented there, this Court did not require an assignment of a credit card debt to be attached to a proof of claim that was filed after the assignment occurred and there was other sufficient proof showing the claimant held the debt. *In re Cox*, No. 06-11717-CAG, 2007 WL 4219407 (Bankr. W.D. Tex. Nov. 28, 2007).

"A proof of claim is more than a mere pleading-although a proof of claim is not signed under penalty of perjury, it is signed under penalty of up to $500,000 or up to five years in prison." ***In re Leverett,*** 378 B.R. at 801 (citing 18 U.S.C. § 157). Although it is granted more weight, it still must be complete, and Roundup Funding's claim is not. ***See id.*** at 801-802 (credit card creditor's claim was "conspicuously incomplete" in that it failed to have boxes checked showing whether the claim included interest or other charges in addition to the principal amount). The one page of information, the FDIC screen, attached to Roundup Funding's claim contains no historical information how to tie Cross Country Bank listed as the creditor in the Debtors' Schedule F to Applied Card Systems, Inc., shown as the assignor on the attachment to the claim. Further, there is only one brief statement on the attachment to tie Applied Card Systems, Inc. to Roundup Funding, LLC. The information on the credit card account number provides little help in that the numbers do not match: on Schedule F, Debtors list 4 numbers that appear in the ninth through twelfth digits of the account number, i.e., after eight "Xs," and on Claim Number 12, Roundup lists 4 numbers that appear in the thirteenth through sixteenth digits of the account number, i.e., after twelve "Xs." The fact that two pieces of information correlate between the Debtors' Schedule F and Claim Number 12–they both show the debt incurred on 9/6/1999 and are nearly exact in amounts, $3,225.00 on Schedule F and $3,225.62 on the claim–is not enough.

Having little to none of the required information attached for a credit card debt, Roundup's claim did not comply with Rule 3001(c). The Court, therefore, concludes that Roundup Funding's claim is not entitled to prima facie validity under Bankruptcy Rule 3001(f). Without such validity, Debtors needed only to object to the claim pursuant to the applicable rules or statute, which they did. Debtors had listed this debt as "disputed" so they did not judicially admit that they owe it.[4] Although the Debtors did not attach any evidence to their objection to Claim Number 12, such as an affidavit, the objection was sufficient by being signed by their counsel under penalty of Bankruptcy Rule 9011. ***In re Leverett***, 378 B.R. at 800.

---

[4] The Court can take judicial notice of the Debtor's schedules, filed in the case under oath. ***See*** F.R.E. 201(c) ('[a] court may take judicial notice, whether requested or not.").

After the Debtor's valid objection, Roundup Funding had the burden of offering supporting documentation to carry its burden of proof in the face of an objection. It had to establish the claim by a preponderance of the evidence. *In re Armstrong*, 320 B.R. 97, 105 (Bankr. N.D. Tex.2005); *In re White*, 2008 WL 269897, at *6, (same, citing *Armstrong*). Roundup Funding presented no evidence to support its claim. Its information was submitted in the form of a response with attached exhibits, all in the nature of argument, and not by affidavit or by witness testimony.[5] It provided no evidence to link the entity assigning the claim with an entity listed on the Debtor's schedules. In any event, this attachment page to the claim is not a business record of the Debtors' credit card account within the meaning of Federal Rule of Evidence 803(6). *In re Leverett,* 378 B.R. 793, 802 (Bankr. E.D. Tex. 2007) (the blanket assignment not referencing the debtor's account and three pages of screen shots, all attached without any supporting affidavit, to claimant's claim were not business records of the debtor's credit card account with the original creditor within the meaning of Federal Rule of Evidence 803(6)).

The Court provided Roundup Funding with an opportunity to prove its claim by conducting a hearing on the Debtors' objection. Rather than introduce additional evidence, Roundup rested on its proof of claim and its supporting brief. It offered no witness to provide testimony on its claim and, as discussed above, no affidavit supporting how Roundup Funding came to own the debt, if the same account is at issue, or how much it is owed. Because the evidence attached to Roundup Funding's claim was deficient, and because Roundup Funding offered no further evidence to support its claim at the hearing, the Court finds that Roundup Funding has not met its burden of proof. The claim should be denied. *See In re Leverett*, 378 B.R. at 803 (Bankr. E.D. Tex. 2007) (despite opportunity to prove its claim at a hearing,

---

[5] As the court stated in *In re Leverett*, 378 B.R. at 803 (citations omitted):
> In the context of a bankruptcy claims proceeding, the claimant may establish a claim for liability based on a credit card agreement by attaching the agreement itself to the proof of claim. Alternatively, "an affidavit of the custodian of the creditor's records, whose duties include having custody and control of records related to the debtor's account which purports to: (1) authenticate the credit card agreement documents and monthly statements; and (2) state the account balance due and unpaid, may be sufficient to prove the formation or the terms of the agreement." Where one bank has purchased the account from another bank, for example, the custodian of the purchaser bank's records may testify about the predecessor bank's records in the purchaser's possession. The attachment or filing of other business records, admissible under the hearsay exception provided in Federal Rule of Evidence 803(6), may also, in an appropriate case, establish a debt owing to a claimant.

claimant offered no evidence more than its filed claim, whether by witness testimony or affidavit supporting assignment and amount owed, and thus did not meet its burden of proof and claim was denied).

Following the reasoning stated above, it is therefore

ORDERED that the Debtors' objection to the claim is granted.

A judgment consistent with this opinion will be entered.

###